UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATHEW V. DIXON<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF NEWARK; NEWARK POLICE DEPARTMENT; OFFICER J. MAS, Individually and in his official capacity as an Officer for the Newark Police Department; OFFICER LUIS MEJIAS, Individually and in his official capacity as an Officer for the Newark Police Department; JOHN DOES 1-10 (fictitious names), Individually and in his official capacity as a Police Officer for the Bayonne Police Department,<br>    Defendants. | Civil Case No. _____<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff residing in Newark, New Jersey, complaining of the Defendants, says:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

## PARTIES

3. Plaintiff was at all material times a resident of Newark, New Jersey.

4. Defendants, Officer J. Mas ("Mas") and Officer Luis Mejias ("Mejias"), at all times relevant to this complaint, were duly appointed Officers of the Newark Police Department acting under color of law. Defendants, Mas and Mejias are being sued individually and in their official capacities.

5. The City of Newark is a municipal corporation and a public employer of the individual Defendants. The Newark Police Department, for which Defendants worked, was, at all times relevant to this matter, a division and/or department of the City of Newark entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of the City of Newark.

6. Defendants, John Does 1-10, are presently unknown police officers, employees, agents and/or representatives of the City of Newark and/or Newark Police Department whose unlawful actions are described, referenced and/or set forth herein. All are being sued individually and in their official capacities.

## CAUSE OF ACTION

7. On, or about, May 12, 2020, Plaintiff was in Newark, NJ when he encountered Mas and Mejias who were in uniform, on duty, and acting as Newark Police Officers at the time.

8. Mas and Mejias approached Plaintiff and without legal justification, cause or reason, stopped Plaintiff, and prevented him from leaving.

9. Mas then struck Plaintiff with a closed fist while Mejias stood by idly without intervening or coming to Plaintiff's aid.

10. After Plaintiff went to the ground Mas and Mejias continued to strike Plaintiff by striking him.

11. Mass and Mejias both employed unlawful and excessive force upon the Plaintiff, causing him substantial physical and emotional injuries.

12. To justify their conduct Mas and Mejias arrested Plaintiff and swore out a perjure laden warrant complaint and authored whimsical investigation report.

13. As a result of assaulting Plaintiff, and before transporting him to the Essex County Jail on the sham warrant complaint, Mas and Mejias transported Plaintiff to the hospital where he was treated for a broken nose.

14. Plaintiff was subsequently released from the Essex County Jail and the charges were dismissed in their entirety.

## **FIRST COUNT** Excessive Force
## 42 U.S.C. § 1983;
## New Jersey Civil Rights Act N.J.S.A. § 10:6-2, et. seq.; &
## New Jersey Constitution

15. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

16. During the course of the arrest and detention of Plaintiff, Defendants intentionally and/or recklessly used unreasonable and/or excessive force thereby depriving him of his right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the Law of the State of New Jersey including, but not limited to, the New Jersey Civil Rights Act and the New Jersey Law Against Discrimination.

17. Under the totality of the circumstances the Defendants' actions were not objectively reasonable, given that Mas sucker punched Plaintiff for no reason before continuing the assault once Plaintiff was on the ground.

18. The conduct of the Defendants occurred while they were acting under color of law and in their official capacities.

19. All of the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or

cause harm to Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive and compensatory damages.

20. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## SECOND COUNT

**False Arrest/Imprisonment**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act <u>N.J.S.A.</u> § 10:6-2, et. seq.; &**
**New Jersey Constitution**

21. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22. At all relevant times, all individual defendants were the agents, servants and/or employees of defendants City of Newark and/or Newark Police Department and were, at all times, acting in their official capacity as law enforcement officers.

23. Plaintiff was detained, arrested and/or imprisoned despite a lack of probable cause and/or other satisfactory legal justification or support.

24. Defendants intentionally, wrongfully, unlawfully, maliciously and without lawful justification or cause, probable or otherwise, arrested, detained, confined and/or caused the confinement of Plaintiff.

25. By reason and/or as a result of Defendants' acts and/or omissions, Plaintiff was deprived of his liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed.

### THIRD COUNT

**Illegal Search and Seizure**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2, et. seq.; &**
**New Jersey Constitution**

26. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27. Defendants, without any warrant or justification, wholly lacking in any cause whatsoever, probable or otherwise, illegally and improperly searched, detained, arrested, and seized Plaintiff, and caused a criminal complaint to be illegally issued against him. Defendants had no legal basis to search, detain, arrest, seize, or cause charges to be issued, and did so maliciously with a motive to improperly detain, arrest, and imprison Plaintiff. All of these actions were undertaken in violation of the Fourth Amendment's proscription of unreasonable searches and seizures as well at the New Jersey Civil Rights Act and New Jersey Constitution.

28. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to

injure the person, reputation, standing and integrity of Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive damages.

29. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive damages.

30. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

**FOURTH COUNT**

**Failure to Intervene
42 U.S.C. § 1983;
New Jersey Civil Rights Act <u>N.J.S.A.</u> § 10:6-2, et. seq.; &
New Jersey Constitution**

31. Plaintiff repeats and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Mas engaged in the use of excessive force and assault of the Plaintiff.

33. While Mas was engaged in the use of excessive force, Mejias failed to intervene to prevent the use of excessive force.

34. Mejias had an opportunity to intervene and stop Mas' violent assault.

35. Instead, Mejias joined Mas in his illegal conduct.

36. Mas and Mejias attempted to conceal the use of excessive force by falsifying criminal complaints and issuing a perjure-laden police report.

## FIFTH COUNT

**Municipal Liability-Monell-Negligent/Failure to Supervise, Train, Monitor
42 U.S.C. § 1983 and the
New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*

37. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. At all relevant times, Defendants, City of Newark and/or the Newark Police Department, was the employer of the individual defendants and the individual defendants were acting as its agents, servants and employees.

39. City of Newark and/or Newark Police Department failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the excessive force, assault, false arrest, malicious prosecution, conspiracy, and collective violation of the Plaintiff's rights.

40. City of Newark and/or Newark Police Department acted under color of law pursuant to an official policy or custom and practice of the City of Newark and/or Newark Police Department and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately

control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the use of excessive force upon Plaintiff in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New Jersey.

41. City of Newark and/or Newark Police Department had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission and/or omission.

42. City of Newark and/or Newark Police Department, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual defendants.

43. More specifically, City of Newark and/or Newark Police Department failed to train their officers in the use of force and/or issuing truthful investigative reports and corresponding charges.

44. City of Newark and/or Newark Police Department knew or should have known that its officers would have to make decisions daily regarding the legality of use of force and probable cause.

45. Indeed, the lack of training of the officers led to the these officers violating Plaintiff's constitutional rights regarding the use of excessive force and the right to free from unlawful arrest and prosecution.

46. Additionally, the Policy maker for City of Newark and/or Newark Police Department knows the glaring need for training in the use of force given the numerous allegations of excessive force.

47. Nonetheless, the Policy maker for City of Newark and/or Newark Police Department refuses to retain or properly train its officer, create a legitimate IA department, or properly investigate and discipline instances of police misconduct.

48. The lack of training and/or the inadequate training in these areas is tantamount to a custom and/or policy that encourages, and indeed as occurred here, necessitates, the violation of these fundamental rights.

49. In addition, the failure to train the Defendant Officers in these areas is tantamount to the City of Newark and/or Newark Police Department's deliberate indifference to these rights.

50. Moreover, City of Newark and/or Newark Police Department had a custom and practice of inadequately investigating, if investigating at all, citizens' complaints regarding excessive force as well as unlawful arrest and prosecution.

51. What is more, the City of Newark and/or Newark Police Department has a policy and practice of not disciplining officers if they are found to have violated a citizen's constitutionally protected rights and immunities.

52. These policies and procedures, in addition to the failure to train the officers in the relevant constitutional laws, reveal a deliberate indifference by City of Newark and/or Newark Police Department regarding the rights of citizens such as the Plaintiff.

53. This deliberate indifference to citizens' rights is a proximate cause of Plaintiff's injuries.

54. Indeed, had City of Newark and/or Newark Police Department properly trained its officers in excessive force, and unlawful arrest then the violation of these rights would not have occurred.

55. What is more, had City of Newark and/or Newark Police Department employed a meaningful IA bureau, rather than employing one that shields and insulates officers from liability then perhaps the defendant officers

here would not have felt they have the freedom to willfully and purposely violate the Plaintiff's rights without any regard for consequences.

56. The complete lack of accountability, record keeping, as well as investigation into IA complaints renders the IA department nothing more than an arm of the police department that shields officers from liability.

## SIXTH COUNT

### Assault, Battery, Negligence

57. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58. Defendants intentionally and unlawfully touched Plaintiff without permission and/or legitimate justification or cause on multiple occasions.

59. Plaintiff suffered injury, harm, damage and loss as a result of said improper contact.

60. Said contact was made with malicious and wanton disregard for Plaintiff's rights and sensitivities and with an intent or foreseeability of harmful consequences.

61. Alternatively, Defendants were negligent in how they handled Plaintiff, and breached their duty to Plaintiff by harming him and causing him to suffer substantial injuries.

62. Defendants breached their duty to Plaintiff by using unreasonable and unwarranted force.

### SEVENTH COUNT

### Civil Conspiracy

63. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

64. Defendants entered into an agreement and/or understanding to perpetuate one or more acts upon Plaintiff that violated his rights.

65. Defendants entered into said agreement and/or understanding for an unlawful purpose and/or to achieve an unlawful purpose by unlawful means.

66. Plaintiff suffered harm, loss and damage as a result of the one or more of the overt acts conducted and/or carried out by one or more of the conspirators in furtherance of the conspiracy.

### NINTH COUNT
**Malicious Prosecution**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*

67. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. As a result of the false charges filed against Plaintiff, he was compelled to retain the services of an attorney(s) to represent and defend him.

69. There was no reasonable basis or probable cause for the charges filed and/or prosecution of Plaintiff by Defendants and Defendants knew or should have known this to be the case.

70. The criminal action against Plaintiff was initiated by the Defendants, was actuated by malice, was wholly lacking in probable cause.

71. The unlawful actions taken by the Defendants in initiating a prosecution against the Plaintiff without warrant, justification, and lacking in cause, probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourteenth Amendment of the U.S. Constitution.

72. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Plaintiff suffered severe damage to his reputation and standing in the community, has suffered severe physical and emotional injury and harm and was forced to undergo the strain, tumult and cost of defending himself against false charges.

## TENTH COUNT

## Respondent Superior

73. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

74. Where applicable under the relevant case law and as to be determined, certain of the aforementioned acts and/or omissions of the employees of the Municipality may result in liability under the doctrine of Respondent Superior.

75. As a result, the Municipality bears responsibility for the acts and/or omissions of its employees and agents where properly cognizable under the relevant laws and statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

    (i) An order from this Court enjoining the Newark Police Department from continuing its pattern and practice of violating citizens' civil rights;

    (ii) placement of the Newark Police Department in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise the officers of the Newark Police Department;

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Joel Silberman and Aymen A. Aboushi are hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

DATED: May 17, 2021

Respectfully submitted,

| | |
|---|---|
| The Aboushi Law Firm PLLC | Joel S. Silberman, Esq., LLC |
| By: *s/ Aymen Aboushi* | *s/ Joel Silberman* |
| Aymen A. Aboushi, Esq. | Joel Silberman, Esq. |
| 1441 Broadway, 5th Floor | 26 Journal Square, Suite 300 |
| New York, NY 10018 | Jersey City, NJ 07306 |
| Tel. (212) 391-8500 | Tel. (201) 420-1913 |
| Fax (212) 391-8508 | Fax (201) 420-1914 |
| Aymen@aboushi.com | joel@joelsilbermanlaw.com |